UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In Re:                                                          Chapter 7

Nancy E. Lernihan,                                              Case No. 809-75743-608

        Debtor.                                                 <u>Affirmation in Support</u>

------------------------------------------------------------X

        Marc A. Pergament, duly affirms under the penalties of perjury as follows:

        1.    I am an attorney admitted to practice law in the United States Court of Appeals for the Second Circuit and the United States District Court for the Eastern and Southern Districts of New York and am a member of Weinberg, Gross & Pergament LLP, attorneys for the Trustee.

        2.    I was also the Chapter 7 Trustee of this Estate and I am familiar with the facts and circumstances set forth herein.

        3.    This Affirmation is presented in support of my motion for an Order: (a) reopening this Chapter 7 case to permit the administration of an additional asset; (b) upon the reopening of this case, directing the Office of the United States Trustee to appoint a Chapter 7 Trustee; and (c) such other and further relief as this Court deems just and proper.

        4.    On July 31, 2009, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code and I pursued the administration of the bankruptcy case. I pursued the sale of my interest in the Debtor's vehicle and I collected the sum to which the Estate was entitled and subsequently filed my Final Report.

        5.    My Final Report was approved by the Court and a Final Decree was entered on January 31, 2012.

6. On April 14, 2014, I was contacted by Ray W. Verdi, Jr., Esq. the Debtor's counsel in this Chapter 7 case and he advised me that the Debtor had a medical malpractice claim that had not been listed in Schedule B. It appears that the claim arose prepetition but the Debtor may not have realized that she had a claim at the time of the bankruptcy filing.

7. Subsequent to the bankruptcy filing, she retained counsel to prosecute the medical malpractice claim and the action is pending in the Supreme Court of the State of New York, County of Suffolk. The lawsuit was filed on August 30, 2011.

8. The attorneys for the Defendant in the State Court lawsuit raised the issue of the failure of the Debtor to list the malpractice claim in her bankruptcy petition.

9. It appears that the lawsuit may have substantial value and it is necessary for this case to be reopened to provide for the administration of this asset for the benefit of all creditors of the Estate.

10. The Debtor's Schedules reflected unsecured claims of $46,740.20 and I only distributed the sum of approximately $9,000.00 to the creditors. Thus, there is still a substantial balance owed to the unsecured creditors.

11. The reopening of this case will be beneficial to the Estate's creditors and I recommend that this Court grant this application.

12. Annexed hereto as Exhibit "A" is the initial 341 Notice issued by the Clerk of the United States Bankruptcy Court and annexed hereto as Exhibit "B" is the Final Decree entered by the Court.

13. I also request that this Court waive the requirement of the filing of a memorandum of law as no novel issue of law is present with respect to the issues herein.

WHEREFORE, it is respectfully requested that this honorable Court grant the Trustee's motion in its entirety and such other and further relief as this Court deems just and proper.

Dated: Garden City, New York
      April 21, 2014

_____
Marc A. Pergament